O’NIELL, Chief Justice
 

 (concurring in the result).
 

 I concur in the decree rendered in this case only in so far as it directs the district judge to grant a temporary injunction to protect the police jury, as organized under the provisions of Act No. 22 of the Third Extra Session of 1934, against interference by the nine defendants who constitute a majority of the members of the police jury as it was formerly constituted.
 

 The police jury, as organized under the provisions of this new statute, and as authorized by the resolution adopted by a majority of the twenty-six members, is, in my opinion, the only one of the plaintiffs in this suit who has a right of action. The reason why the police jury composed of twenty-six members, as organized under the provisions of Act No. 22 of the Third Extra Session of 1934, had the right to institute this suit is that the constitutionality of the statute had not been challenged by any one in a judicial proceeding. I do not concur in the opinion that the Governor, or thé Attorney General, in the name of the state, has a right of action in this case ; but that means merely that they are not necessary parties to the suit, and is a matter of no importance in a suit brought by the proper party.
 

 The police jury of the parish of East Baton Rouge was composed originally of thirteen members, elected by the people. The Legislature, by Act No. 22 of the Third Extra Session of 1934, declared that, in' the parish in which the state capítol is. situated, the Governor should appoint as. many additional members of the police jury as there were members elected. The effect of that was to increase the membership of the police jury of the parish of East Baton Rouge to twenty-six members, composed of the thirteen members elected by the people and thirteen additional members appointed, by the Governor. The Governor appointed the thirteen additional members; and they,, in conjunction with four of the thirteen elected members, organized, or reorganized, the police jury, by electing officers, and adopting ordinances and resolutions, etc. The nine other elected members of the police jury, being advised by the district attorney that Act No. 22 of the Third Extra Session of 1934 was unconstitutional for several reasons which he gave, took the position that the police jury continued to be composed of only the thirteen elected members, of whom they, the nine objecting members, constituted a quorum. They therefore held a so-called — and respectful
 
 *697
 
 ly so-called — rump meeting, in which they elected officers and adopted resolutions, in conflict with the ordinances and resolutions which had been adopted at the meeting of the thirteen appointed members and four elected members of the police jury. 'Thereupon, such a conflict of authority arose, that the thirteen appointed members and the four elected members met and adopted a resolution authorizing the filing of this suit for an injunction against the nine elected and dissenting members of the police jury. Of course, if Act No. 22 of the Third Extra Session of 1934 is adjudged unconstitutional, the police jury will remain composed of only the thirteen elected members, of whom the nine who are defending this suit constitute a majority. But if this new statute is valid, the police jury is composed of twenty-six members, of whom the thirteen appointed members and the four elected members together constitute a quorum. The only question at issue, therefore, between the faction composed of the nine members who are the majority of the members of the. police jury as originally constituted, and the faction composed of the seventeen member's who are the majority of the members of the police jury as organized under Act No. 22 of the Third Extra Session of 1934, is whether the statute is constitutional or unconstitutional. That question could not have been settled otherwise than by the institution of a lawsuit by one of the two factions, for a writ of injunction, to prevent interference by the other faction. It was essential that the question should be settled, because whether the one • faction or the other constitutes a majority of the members of the police jury depends entirely upon the question of constitutionality of the new statute.
 

 My opinion, therefore, is that it was incumbent upon the defendants in this .suit to plead, in their answer to the rule to show cause why a preliminary injunction should not issue, that Act No. 22 of the Third Extra Session of 1934 was unconstitutional, for the reasons for which the defendants were contending that the statute was unconstitutional. It is too well settled, and- too trite a proposition, to need citation of authority, that an act of the Legislature is presumed to be constitutional until it is decreed to be unconstitutional. Hence, one who does not dispute the constitutionality of a statute in a judicial proceeding ought to obey it. Any one against whom a civil statute is about to be enforced has the right to plead that the statute is unconstitutional, and, if the statute is obviously or manifestly unconstitutional, and if the threatened enforcement of the statute will cause irreparable injury, the party complaining has the right to obtain a preliminary injunction to prevent the injury until the question of constitutionality of the statute can be judicially determined. It was so decided by this court in the case entitled State ex rel. Porterie, Attorney General v. T. Semmes Walmsley, 181 La. 597, 160 So. 91, known as the Sewerage and Water Board Case, decided on the 4th day of last February.
 
 *699
 
 In that case, this court affirmed a judgment rendered by Judge Byrnes, of the Civil District Court for the parish of Orleans, granting a preliminary injunction to prevent the enforcement of a statute, which was alleged to be unconstitutional (Act No. 36, 2d Ex. Sess., approved November 21, 1934), until the question of constitutionality of the statute could be judicially determined. It was upon that principle that I dissented, as I explained in my dissenting opinion, from the decision rendered in the Police Board Case and in the Firemen’s Board Case, entitled Walmsley, Mayor, v. O’Hara (Walmsley, Mayor, v. Evans) 182 La. 213, 161 So. 587; in which a rehearing was refused April 29, 1935.
 

 It is often the case now, since the law (Act No. 29 of 1924) forbids a judge to issue a preliminary injunction without first allowing the defendant to be heard, that the judge’s decision on the rule to show cause why the preliminary injunction should not issue is or ought to be decisive of the whole case. That is one reason why the defendant, in a rule to show cause why a preliminary injunction should not issue, must set up all of his pleas and defenses to the rule at one and the same time. If the defendants in this case had pleaded that the statute was unconstitutional, in response to the rule to show cause why a preliminary injunction should not be granted, a decision of the question, on the rule to show cause, might have put an end to the case.
 

 I am not criticising the attorneys for the defendants for reserving until they answer this suit on its merits their plea that the statute on which the plaintiffs rely is unconstitutional. The defendants had the right to reserve the plea, that the statute is unconstitutional, until they should answer the suit on its merits. But they could not refuse to challenge, in this judicial proceeding, the constitutionality of the statute on which the suit was founded, and at the same time disobey the statute on the ground solely that it was unconstitutional. The defendants, in defense of the rule to show cause why a preliminary injunction should not be granted, pleaded, assuming for the sake of argument that the statute was valid, that the plaintiffs did not set forth a sufficient cause for the granting of a preliminary injunction. I concur in the opinion that the plaintiffs’ petition did set forth a sufficient cause for the granting of a preliminary injunction when the defendants declined to challenge the constitutionality of the statute, in answer to the rule to show cause why the preliminary injunction should not be granted. It was essential to an orderly administration of the affairs of the parish that either the police jury as originally constituted, or the police jury as reorganized in accordance with the new statute, should be judicially recognized until the constitutionality of the new statute could be judicially determined; and so long as the majority of the members of the police jury as originally con
 
 *701
 
 stituted declined the opportunity to challenge the constitutionality of the new statute, the judge should have deemed it to be in effect. This will not interfere with the right of the police jury, as originally constituted, to plead in answer to the merits of this suit that the statute on which the plaintiffs rely is unconstitutional. And if the statute is judicially decreed to be unconstitutional, the police jury, as originally constituted, will regain its authority.